No. 58

No. 19639—Frank Kruse v. Isadore Revelson. Error to the Court of Appeals of Hamilton County.

54. AGENCY—Where A. contracts with B. to build a house for definite sum over the amount of the cost, the relationship is not one of principal and agent.

ROBINSON, J.

Where A. contracts with B. to construct a building for hi mand as a consideration therefor agrees to pay B. the cost of such building plus a definite sum or plus a sum which may be determined by a basis definitely agreed upon, and imposes in B. complete discretion in the manner of the execution of the contract, the relationship of principal and agent is not thereby created.

Judgment affirmed.

Marshall, CJ., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.

54. AGENCY.

Where A. contracts with B. to build a house for definite sum over the amount of the cost, the relationship is not one of principal and agent. Kruse v. Revelson. OS. 5 Abs. 46.

301. CONTRIBUTORY NEGLIGENCE.

Where plaintiff crashes into a concrete watering trough in the middle of a road, on a dark and foggy night, claiming that for that reason he could not see ahead any great distance, a directed verdict in favor of the defendant will be sustained, where it is clear that the plaintiff was well acquainted with the road, the location of the trough and the entire situation. Renner v. Dublin (Village). OA. 5 Abs. 35.

323. COUNTY COMMISSIONERS.

1. Do county commissioners owe duty to injured person who fell over bank off the main road, to erect guard rails?

2. Must it be alleged the road was a county road? Richmond et v. Farmer, etc. OS. Pend. 5 Abs. 43.

329. COVENANTS.

While the obligation on part of the lessee to operate the lessor's lands for oil and gas is not expressed in so many words, it arises by necessary implication. Cable et v. Cubbon. OA. 5 Abs. 36.

336. CRIMINAL CONVERSATION.

When does the statute of limitations run thereon, from the time the unlawful acts were committed or at the time plaintiff became aware of same? Garland et v. Speidel. OS. Pend. 5 Abs. 42.

355. DAMAGES.

1. Where passengers in street car are frightened by the nearness of an impending collision between a street car and engine at the intersection of the tracks, such fright being accellerated by the headlight of the engine shining into the street car, and the collision never occurring, the defendant companies are not liable for damages for injuries sustained by plaintiff by reason of being stepped on by the frightened passengers.

2. Damages arising from mere fright or panic are not recoverable. Mancuso v. Cleveland Ry. Co. OA. 5 Abs. 37.

460. EQUITY.

Equity will grant relief for the violation of an implied covenant. Cable et v. Cubbon. OA. 5 Abs. 36.

465. ERROR.

Where only ground for directing verdict for defendant is that co-defendant was dismissed from the case, this action is erroneous and judgment reversed. Sternfield, Admx. v. Chardon (Village) et. OA. 5 Abs. 40.

573. FRAUDULENT CONVEYANCES.

When property in the name of a Company made her on a note is deeded to the wife before the execution of said note; but is filed for record shortly after, there is a reasonable inference from the circumstances that it was desired to keep the deed off record until the note transaction was consummated; and this constitutes at least constructive fraud. Emerich v. Koerner. OA. 5 Abs. 39.

647. INSURANCE.

1. Where an insurance company changes duties of principal agents, it has the effect of changing its by-laws and, without the approval of the Superintendent of Insurance, is in violation of 9517 and 9607-8 GC.